UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TATYANA EVGENIEVNA DREVALEVA,

    Plaintiff,

v.

JUSTICES OF THE CALIFORNIA COURT OF APPEAL FOR THE FIRST DISTRICT, DIVISION FOUR, et al.,

    Defendants.

No. C 20-07017 WHA

**ORDER OF DISMISSAL AND JUDGMENT**

Plaintiff Tatyana Drevaleva seeks to sue several justices of the California Court of Appeal *in forma pauperis* and objects to the magistrate judge's report and recommendation of dismissal with prejudice for frivolity. For the reasons below, the complaint is **DISMISSED**.

Following termination of her employment with the Alameda Health System, Ms. Drevaleva filed several suits in California state court. These appear to have been dismissed and the appeals unsuccessful. Ms. Drevaleva now seeks writs of mandamus and prohibition against four justices of the California Court of Appeal, accusing the justices of, among others, "abuse and usurpation of power," "conspiring with criminal Defendants," and "intentionally lying in their unpublished Opinions."

Magistrate Judge Thomas S. Hixson granted Ms. Drevaleva leave to proceed without paying the filing fee, but dismissed her complaint as frivolous, per 28 U.S.C. § 1915(e)(2). Judge Hixson found Ms. Drevaleva's complaint barred by judicial immunity, given the United

States Supreme Court has long held that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). Ms. Drevaleva has timely objected and a district court must review *de novo* any part of a magistrate judge's recommendation subject to a timely objection. Rule 72(b)(3); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Judge Hixson correctly found the complaint, to the extent it seeks damages, barred by judicial immunity. Ms. Drevaleva contends her allegations support criminal charges against the justices, removing her suit from *Stump*'s prohibition which, a she correctly notes, extends only to "civil actions." But as a private citizen, Ms. Drevaleva's suit remains a "civil action," and thus remains barred. *Stump*, 435 U.S. at 355–56.

Judicial immunity, though, does not bar Ms. Drevaleva's plea for injunctive relief. Indeed, in so holding, the Supreme Court recognized writs of mandamus and prohibition — the very relief Ms. Drevaleva seeks here — among the means by which courts in equity "exercised significant collateral control over inferior and rival courts," and explained that "[o]ur own experience is fully consistent with the common law's rejection of a rule of judicial immunity from prospective relief." *Pulliam v. Allen*, 466 U.S. 522, 532–36, 541–42 (1984).

Nevertheless, Ms. Dreveleva's suit remains barred. That injunctive relief *may* run against a judicial officer does not mean it *must*. *Id.* at 539. For one, "[t]he federal anti-injunction statute provides that a federal court 'may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *Mitchum v. Foster*, 407 U.S. 225, 226 (1972) (quoting 42 U.S.C. § 2283). And, even where an exception exists, "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Younger v. Harris*, 401 U.S. 37, 46 (1971) (quotation omitted). This order is aware of no applicable exception permitting injunctive relief here.

For another, "[t]he *Rooker–Feldman* doctrine forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment,

and seeking federal court review and rejection of that judgment." This doctrine bars a plaintiff's "de facto appeal," that is, where a "plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." Ms. Drevaleva seeks, specifically, for a stay of proceedings in the California courts and for a panel of our district judges to rehear her already dismissed claims here, based upon alleged wrongdoing by the justices of the California Court of Appeal. Simply put, Ms. Drevaleva wants to relitigate here cases she believes the California Court of Appeal got wrong. *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013).

In sum, judicial immunity bars Ms. Drevaleva's complaint to the extent she seeks money damages. This the magistrate judge correctly discerned. Though immunity would not bar her claims for injunctive relief, the Anti-Injunction Act, considerations of federalism, and *Rooker-Feldman*, prohibit us from reaching out into the California courts to rehear claims in a *de facto* appeal. Ms. Drevaleva's complaint frivolous, 28 U.S.C. § 1915(e)(2) compels dismissal with prejudice. Judgment for defendants. The Clerk shall please close the file.

**IT IS SO ORDERED.**

Dated: December 30, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE